IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**THOMAS E. NIDIFFER, and**
**LAURIE-LYNN FRANCESE,**

    Plaintiffs,

v.                                                                          CIV No. 1:22-cv-00374-MV-JHR

**OFFICER DAVID LOVATO,**
**OFFICER ARMANDO CAMPOS, and**
**OFFICER ZACHARY SISEMORE,**

    Defendants.

## STIPULATED CONFIDENTIALITY ORDER

**THIS MATTER** having come before the Court upon the agreement of the parties to keep confidential certain records that may be produced through this litigation, and the Court being fully informed in the premises, **FINDS** the agreement of the parties is well taken and shall be entered as a Stipulated Confidentiality Order in this matter.

**FURTHER, THIS COURT FINDS** there is good cause to issue this Confidentiality Order pursuant to Federal Rule of Civil Procedure 26(c) based on the following facts:

1. On September 12, 2022, Plaintiffs served their First Set of "Request for Production of Evidence" to Defendants, through their undersigned counsel of record;

2. In pertinent part, Plaintiffs' Request for Production of Evidence requests that Defendants produce: "[a] copy of Defendants' academic records from New Mexico Police Academy as well as from any accredited agency;" "[a] copy of Defendants' employment records from any law enforcement agency;" and "[a] copy of Defendants' and spouses' financial records for the last [five] years;" and

3. While Defendants have not yet served their discovery requests on Plaintiffs, it is

likely, during the course of discovery, that Defendants will seek records or information that would likewise be subject to the scope of this Confidentiality Order.

**WHEREFORE, IT IS HEREBY ORDERED** that all such named categories of documents, records, items, information, or materials specifically set forth in this Confidentiality Order shall be kept confidential from any disclosure, which is not necessary to the prosecution and/or defense of the claims in this lawsuit, meaning that these documents and the information contained in them will be protected from disclosure outside of this lawsuit.

**IT IS FURTHER ORDERED** that this Confidentiality Order shall apply to the parties in this matter, the attorneys involved in this matter, the law firms of the attorneys including their staff and any expert consultants or expert witnesses retained in this matter as follows:

1. This Order governs the handling of documents, records, items, information, or materials, disclosed by Plaintiff and Defendant or other information disclosed by the parties when those items are designated "Confidential Material" in accordance with the procedures herein; but does not extend to information or documents that are otherwise generally available to the public or not previously kept in a confidential manner.

2. The terms "document' or "documents" shall include electronic documents.

3. "Confidential Material" shall mean documents or information that is in the possession of the parties as to which a claim of privilege is asserted by a party, as to:

   A. Documents and information pertaining to medical records, or otherwise pertaining to illness, injury, disability, inability to perform job duties, sick leave, mental health records, physical or mental examinations or medical treatments that are included, but not limited to the privileges and protections afforded by FERBA, 20 U.S.C § 1232g; 34 CFR Part 99, and N.M.R.A. 11-413;

    B. Personnel or employment files, training certificates, and internal affairs files;

    C. Academic files, transcripts, certificates, recommendations, and matters of opinion; and

    D. Financial documents, tax returns, IRS forms, personal balance sheets, personal income statements, statements of financial assistance or participation in a government welfare program, retirement account statements, net worth statements, loans or other debts owed, and other statements of assets and liabilities.

  4. A party may designate as "Confidential Material" any such material, produced after entry of this Confidentiality Order, that it reasonably and in good faith believes constitutes confidential, private, proprietary, or similarly protected information under applicable statutory or common law.

  5. All Confidential Material may be marked as such by the producing party, or alternatively, marked by placing a cover sheet on the front of the produced material with the word "CONFIDENTIAL," typed, written, or printed on such cover sheet or the designation of "CONFIDENTIAL" in an e-mail attachment. The identification of Confidential Material in either of these fashions shall mean that all materials or information or testimony produced with such mark, cover letter, or cover sheet shall be Confidential Material.

  6. Nondisclosure of Confidential Documents. Except as provided in paragraph 7 below or with the prior written consent of the party asserting confidentiality, no Confidential Material may be disclosed to any person, except as provided below.

  7. Permissible Disclosure. Confidential Material shall only be disclosed to the named Plaintiffs, undersigned counsel (including staff, employees or independent contractors); outside

experts and consultants employed by the Plaintiff or Defendants, court officials involved in this litigation (including court reporters, persons operating video recording equipment at depositions, and any special master or other person appointed by the Court); and insurers or insuring entities, including counsel, adjustors, and other reasonably necessary insuring entity personnel. All such persons shall use such Confidential Material only in preparation for the mediation, pre-filing settlement negotiations, prosecution and defense of this action and for no other purposes. Plaintiff and Defendants will not publicly disclose Confidential medical or psychological material in this matter unless counsel complies with paragraphs 8 or 9 herein.

8.  Other Disclosures. If a party's counsel wishes to disclose any Confidential Material or the substance thereof to any person not described in paragraph 7 of this Order, prior permission to disclose must be requested from counsel for the other parties in writing. If a party objects to the proposed disclosure, no such disclosure shall be made unless the Court, upon application by a party, orders otherwise. However, the parties may disclose their own Confidential Material without regard to this Order, unless prohibited under an existing Order to do so.

9.  Declassification. A party, or party's counsel, may, at any time after production of material designated as confidential under this Order, object to such designation by notifying the other parties in writing of that objection, the basis therefore and specifying the designated material to which the objection is made. The basis for an objection may be, but is not limited to, because the material is not confidential under this agreement, because the designation would violate federal law, because the designation violates the public policy that all persons are entitled to the greatest possible information regarding the affairs of government and the official acts of public officers and employees, as expressed in NMSA 1978, § 14-2-5. The parties shall, within thirty (30) days of service of the written objections, confer concerning the objection. If the

objection is not resolved, the party contesting confidentiality shall, within twenty (20) days of the conference, file and serve a motion to resolve the dispute over the designation of the material. Once a motion is filed by a party, the party asserting confidentiality shall bear the burden of persuasion as to the confidentiality designation challenged.  If no such motion is filed within the stated time period, the material will remain subject to the protection of this Order. If a motion is filed, information subject to dispute shall, until further order of the Court, be treated consistently with its designation.   The parties may, at any time, stipulate that a document is not confidential.

10. Upon request of any party at a deposition of any witness, a copy of this Order can be shown to witnesses, who may be asked to sign this Order (but who are not compelled to do so). Upon request of any party, certain pages of deposition transcripts can be deemed "Confidential."

11. In the event deposition testimony or any exhibits or documents will be used in summary judgment motions, or as exhibits in any motions, Confidential Material may be sealed if the Court so orders, or provided to Chambers separately identified by stipulation of the parties, or the parties may obtain a procedure in advance of filing such motions that keeps Confidential Material from being filed with the Clerk of this Court in the public record, such as redacting confidential information from the document to be filed. The parties hereby acknowledge that this Order does not entitle them to seal confidential information filed with the Court.

12. Nothing in this Order, and no actions taken pursuant to this Order, shall prejudice the right of any party to contest the alleged relevance, admissibility, or discoverability of documents sought or subject to this Order.

13. Nothing in this Order prohibits any party from seeking and obtaining, upon appropriate showing, relief from this Order for specific types of documents, or additional protection with respect to the confidentiality of specific discovery material, or from providing

stipulated exceptions to this Order.

14. The terms of this Order do not preclude, limit, restrict, or otherwise apply to the use of documents at court proceedings. Subject to the Federal Rules of Evidence, a confidential document may be offered into evidence at trial or any court hearing, provided that the proponent of the evidence gives advance notice to the opposing party of the intended use of the confidential document as may be required by a scheduling or other order. Any party may move the Court for an order that the confidential document be received in camera or under other conditions to prevent unnecessary disclosure. The Court will then determine whether the proffered evidence should continue to be treated as a confidential document and, if so, what protection(s) may be afforded to such information at the trial or hearing.

15. At the conclusion of the instant litigation, any materials which have been designated as Confidential Materials are to be either shredded or returned to the producing parties.

16. This Order is an agreement between undersigned parties, and counsel thereto, and does not implicate the rights of other parties to the litigation in the future.  Further, the undersigned parties expressly do not waive the right to challenge or assert confidentiality in future productions.

                Honorable Jerry H. Ritter
                United States Magistrate Judge

Submitted by:

NEW MEXICO SELF INSURERS' FUND

By:    /s/ *Dillon Fisher-Ives*
        Dillon R. Fisher-Ives
        Laura K. Vega
        P.O. Box 846
        Santa Fe, NM  87504
        Phone:  (505) 992-3528
        Fax:  (505) 820-0670
        lvega@nmsif.org
        dfisherives@nmsif.org
    *Attorneys for Defendants*


APPROVED BY:


By:    *approved via email on*: *10/7/2022*
        Thomas E. Nidiffer
        Laurie-Lynn Francese
        19 Hillside Drive
        Edgewood, NM 87015
        505-206-4775
        505-319-4243
        nmphidelt708@gmail.com
        lotsofchats@gmail.com

        *Plaintiffs pro se*