IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

THOMAS E. NIDIFFER, and
LAURIE-LYNN FRANCESE,

    Plaintiffs,

v.                                                                             No. 1:22-CV-00374-MV/JHR

DAVID LOVATO,
ARMANDO CAMPOS, and
ZACHARY SISEMORE,

    Defendants.

**ORDER GRANTING DEFENDANTS' MOTION FOR PROTECTIVE ORDER STAYING DISCOVERY PENDING DISPOSITION OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT BASED ON QUALIFIED IMMUNITY**

       This matter comes before the Court on Defendants' Motion for Protective order Staying Discovery pending the Court's Disposition of Defendant's Motion for Summary Judgment based on the Application of Qualified Immunity filed November 3, 2022. [Doc. 42]. Plaintiffs' Response in Opposition to Defendants' Motion to Stay Discovery was filed on November 7, 2022, [Doc. 44], and Defendants filed a response on November 21, 2022. [Doc. 47].

**I.**    **Background**

       Plaintiffs filed a complaint alleging violation of the Fourth Amendment to the United States Constitution after officers of the Edgewood, New Mexico, Police Department entered their real property without a warrant to investigate a report of illegal marijuana cultivation. [Complaint, Doc. 1, pp. 1–3]. Plaintiff Nidiffer also alleges a Fourth Amendment violation from officers checking the New Mexico Department of Health records to determine if Nidiffer was a licensed marijuana grower. *See* [Doc. 1, pp 3–4]. Defendants asserted the affirmative defense of qualified immunity. [Answer, Doc. 14, p. 4].

On November 3, 2022, Defendants filed Defendants' Motion for Summary Judgment: Dismissal of Plaintiffs' Claims based on the Application of Qualified Immunity. [Doc. 40]. Contemporaneously, Defendants' filed the motion now before the Court seeking a stay of discovery until the Court decides whether they are immune from suit in this case. [Doc. 42]. Plaintiffs filed a response arguing that Defendants are not, or should not be, entitled to qualified immunity and that the motion should be denied because "future discovery will contradict evidence provided by the Defense." [Doc. 44, p. 2]. Defendants reply that no additional evidence is needed to decide their qualified immunity motion and that Plaintiffs' reliance on New Mexico's Civil Rights Act is misplaced. [Doc. 47, pp. 1–4].

## II. Issue

The issue is whether Defendants are entitled to a stay of discovery until the Court decides their dispositive motion asserting qualified immunity.

## III. Applicable Law

Qualified immunity protects a police officer whose conduct "does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). It is not merely immunity to liability or damages, but also immunity from the burden to participate in a lawsuit. *Id.* When the issue is raised in a motion for summary judgment, the trial court judge "appropriately may determine, not only the currently applicable law, but whether the law was clearly established at the time an action occurred." *Id.* (footnote omitted).

Ordinarily, a party moving for summary judgment has the initial burden to make a showing that there is no genuine issue of material fact and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). A qualified immunity defense, however, injects an

additional and preliminary procedure where the burden is on the plaintiff both to allege facts that would amount to a violation of a constitutional right and to show that the violated right was "clearly established" at the time of the alleged actions.  *Pearson v. Callahan*, 555 U.S. 223, 232 (2009).  Only if the plaintiff satisfied both tests will the defendant have to sustain the ordinary burden of a movant for summary judgment.  *See Albright v. Rodriguez*, 51 F.3d 1531, 1535 (10th Cir. 1995).  "Unless the plaintiff's allegations state a claim of violation of clearly established law, a defendant pleading qualified immunity is entitled to dismissal before the commencement of discovery."  *Harlow*, 457 U.S. at 817–18.

## IV. Analysis

Under the general rule, defendants asserting a qualified immunity defense are entitled to a stay of discovery to preserve the right to be free of the burden of litigation where the defense applies.  This motion presents a small twist in that Defendants submitted three "media exhibits" in support of their summary judgment motion, [*see* Notice of Lodging, Doc. 41], and Plaintiffs suggest that Defendants sought the stay of discovery "only after Plaintiffs' request to submit their home security video, as it clearly showed evidence contradictory to the Defense's claims that they did not conduct an illegal search." [Doc. 44, p. 2].  Whether or not that was Defendants' intent, it was unavailing since Plaintiffs lodged their own home security camera videos in support of their cross-motion for summary judgment.  [*See* Notice of Lodging, Doc. 46].  Defendants subsequent reply, Doc. 47, makes no objection to the Court considering all the exhibits in deciding the summary judgment motion.

## V. Conclusion and Order

Therefore, the parties having completed the briefing on Defendants' Motion for Summary Judgment based on Qualified Immunity, and both sides having submitted video recordings that

they assert will be determinative of any dispute regarding material facts, the Court finds that Plaintiffs have failed to show cause to deny application of the general rule that defendants claiming qualified immunity are entitled to a stay of discovery pending resolution of the defense. Therefore, Defendants' motion for protective order and stay of discovery is granted.  Discovery is stayed until the Court's decision on Defendants' Motion for Summary Judgment based on the Application of Qualified Immunity, [Doc. 42].  If Defendants' motion is denied, the Court will set another scheduling conference to manage any further pretrial discovery and motions practice.

    **IT IS SO ORDERED.**

                                      _____
                                      Jerry H. Ritter
                                      U.S. Magistrate Judge