IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

THOMAS E. NIDIFFER and
LAURIE-LYNN FRANCESE,

      Plaintiffs,

v.                                              1:22-cv-00374-MV-JMR

DAVID LOVATO, Officer;
ARMANDO CAMPOS, Officer; and
ZACHARY SISEMORE, Officer;

      Defendants.

**ORDER OVERRULING PLAINTIFFS' OBJECTIONS
AND ADOPTING MAGISTRATE JUDGE'S
PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**

THIS MATTER comes before the Court on the parties' cross motions for summary judgment. Docs. 40, 45. Defendants filed a Motion for Summary Judgment: Dismissal of Plaintiffs' Claims Based on the Application of Qualified Immunity. Doc. 40. Plaintiffs filed a response and their own Cross Motion for Summary Judgment in the same document. Doc. 45. This case was referred to United States Magistrate Judge Jennifer M. Rozzoni for a recommended disposition pursuant to 28 U.S.C. §§ 636(b)(1)(B) and (b)(3). Doc. 69.

On August 18, 2023, the magistrate judge filed her Proposed Findings and Recommended Disposition ("PFRD"). Doc. 79. The magistrate judge recommended granting defendants' motion for summary judgment (Doc. 40) and denying plaintiffs' motion for summary judgment (Doc. 45). Doc. 79. The magistrate judge found that the defendants were entitled to qualified immunity as to all counts. *Id.* Relatedly, the magistrate judge recommended that the Court deny plaintiffs' two pending motions to amend punitive damages as moot. Docs. 29, 62. On August 31, 2023, plaintiffs

Thomas E. Nidiffer and Laurie-Lynn Francese filed timely objections to the PFRD. Doc. 80. Defendants did not file a response to plaintiffs' objections, and the time for doing so has passed. FED. R. CIV. P. 72(b)(2). The Court hereby overrules plaintiffs' objections and adopts the PFRD.

I.  **Standard of Review**

District courts may refer dispositive motions to a magistrate judge for a recommended disposition pursuant to 28 U.S.C. § 636 and Federal Rule of Civil Procedure 72. 28 U.S.C. § 636(b)(1)(B); FED. R. CIV. P. 72(b)(1). "Within 14 days after being served with a copy of the [magistrate judge's] recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations." 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b)(2). When resolving objections to a magistrate judge's proposal, "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." FED. R. CIV. P. 72(b)(3); 28 U.S.C. § 636(b)(1). "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996). Further, "[i]ssues raised for the first time in objections to the magistrate judge's recommendation are deemed waived." *Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996).

As plaintiffs are *pro se*, the Court construes their filings liberally. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

II.  **Discussion**

In the PFRD, the magistrate judge recommended that the defendants be granted qualified immunity for (1) climbing a locked gate in an attempt to knock on plaintiffs' front door and (2) calling the New Mexico Department of Health to determine whether Mr. Nidiffer was licensed to grow marijuana. Doc. 79. Plaintiffs only object to the first recommendation. Doc. 80. Therefore, the Court only reviews the grant of qualified immunity as to the officers climbing over the locked gate. FED. R. CIV. P. 72(b)(3). The Court has conducted a *de novo* review of the portions of the PFRD to which plaintiffs object. Based on the Court's review, the Court finds that, while understandable, plaintiffs' objections to the PFRD are without merit under the controlling law.

"When a defendant raises the qualified immunity defense on summary judgment, the burden shifts to the plaintiff to meet a strict two-part test." *Nelson v. McMullen*, 207 F.3d 1202, 1206 (10th Cir. 2000). After qualified immunity is asserted, the plaintiff must show (1) that the defendant's conduct violated a constitutional or statutory right, and (2) that the law governing the conduct was clearly established when the alleged violation occurred. *Baptiste v. J.C. Penney Co.*, 147 F.3d 1252, 1255 (10th Cir. 1998). For a law to be clearly established, "there must be a Supreme Court or Tenth Circuit decision on point, or the clearly established weight of authority from other courts must have found the law to be as the plaintiff maintains." *Fogarty v. Gallegos*, 523 F.3d 1147, 1161 (10th Cir. 2008) (internal quotations omitted). "[T]he clearly established law must be 'particularized' to the facts of the case." *Perry v. Durborow*, 892 F.3d 1116, 1123 (10th Cir. 2018) (quoting *Anderson v. Creighton*, 483 U.S. 635, 640 (1987)). The degree of specificity required depends on the egregiousness of the challenged conduct; "[t]he more obviously egregious the conduct in light of prevailing constitutional principles, the less specificity is required from prior case law to clearly establish the violation." *Pierce v. Gilchrist*, 359 F.3d 1279, 1298 (10th Cir. 2004).

Under Fourth Amendment jurisprudence, a law enforcement officer has "an implied license to enter a home's curtilage to knock on the front door, seeking to speak with the home's occupants." *United States v. Carloss*, 818 F.3d 988, 992 (10th Cir. 2016) (citing *Florida v. Jardines*, 569 U.S. 1, 8 (2013)). This procedure is often called a "knock and talk." *Carloss*, 818 F.3d at 992. The implied license to enter the curtilage of a home can be revoked. *Id.* at 994–95.

Here, the magistrate judge found that the defendants violated plaintiffs' Fourth Amendment rights by climbing over the locked gate into the plaintiffs' front yard. Doc. 79 at 10–15. However, the magistrate judge found that the law is not clearly established that a locked gate revokes the implied license to conduct a knock and talk. *Id.* at 15–17. Therefore, the magistrate judge found that the officers were entitled to qualified immunity. *Id.* at 21. Plaintiffs and the magistrate judge agree that plaintiffs' Fourth Amendment rights were violated. Doc. 79 at 10–13; Doc. 80 at 3. Therefore, to show error in the magistrate judge's PFRD, plaintiffs must show that the law governing the conduct was clearly established when the alleged violation occurred. *See Baptiste*, 147 F.3d at 1255. Plaintiffs raise three objections. Importantly, nowhere in those objections do Plaintiffs argue that the law was, in fact, clearly established; nor do they provide any authority for this Court to so find. Further, none of the objections that they do make provide any valid basis for the Court to reach a conclusion different from the one reached by the magistrate judge as to qualified immunity.

First, plaintiffs argue that the magistrate judge erred by finding that plaintiffs had a duty to respond to the police officers when the officers sounded an airhorn outside of plaintiffs' home. Doc. 80 at 2–3. The magistrate judge made no such finding. The magistrate judge stated, "After sounding an air horn twice, the officers reasonably were at a loss for other means of calling the plaintiffs' attention to their presence. There was no intercom or buzzer for the officers to announce

their presence to the homeowners." Doc. 79 at 16. Plaintiffs argue that this statement "implies that the defendants were under an obligation to answer the call for service in the first place, and that plaintiffs were under an obligation to make themselves available to the public." Doc. 80 at 2. Plaintiffs are correct that there is no duty for them to answer an officer who is knocking on their front door, or in this case, sounding an airhorn outside their house. *Kentucky v. King*, 563 U.S. 452, 469–70 (2011) (holding that when officers conduct a knock and talk, "the occupant has no obligation to open the door or to speak"). However, the magistrate judge did not make such a legal error, nor did she impose an improper affirmative duty on the plaintiffs.

Second, plaintiffs compare this case to *Schinagel v. Albuquerque*. No. 07-481 LH/RLP, 2008 WL 11399629 (D.N.M. Dec. 18, 2008) (unpublished); Doc. 80 at 3–4. *Schinagel*, however, does not "clearly establish" that a locked gate around the curtilage of a home revokes the implied license to conduct a knock and talk. To begin, *Schinagel* is factually distinguishable. *See Perry*, 892 F.3d at 1123 ("clearly established law must be 'particularized' to the facts of the case"). In *Schinagel*, this Court found that the defendant officer was not entitled to qualified immunity when the officer entered a fenced-in, side yard of the plaintiffs' home to approach the backyard. *Id.* at *5–7. Here, as in *Schinagel*, the officers entered the curtilage of a home without a warrant or probable cause. Doc. 45 at 2; *Schinagel*, 2008 WL 11399629, at *6. Distinguishably, the officers here were attempting to approach the plaintiffs' front door for a knock and talk and had previously attempted to let plaintiffs know of their presence with an air horn. Doc. 40 at 6; *see also Kentucky*, 563 U.S. at 469 ("[W]hen law enforcement officers who are not armed with a warrant knock on a door, they do no more than any citizen might do."). The *Schinagel* officer was not attempting to knock on the plaintiffs' front door when he entered the side yard and had made no attempts to contact the plaintiffs before doing so. *Schinagel*, 2008 WL 11399629, at *6–7. Further, even if

5

*Schinagel* was not factually distinguishable, one district court case is not sufficient to clearly establish law for the purposes of qualified immunity. *Fogarty*, 523 F.3d at 1161 (For a law to be clearly established, "[g]enerally, there must be a Supreme Court or Tenth Circuit decision on point, or the clearly established weight of authority from other courts must have found the law to be as the plaintiff maintains."). Plaintiffs fail to show that the law has clearly established that a locked gate revokes the implied license to conduct a knock and talk.

Third, plaintiffs assert that "[d]efendants' violation of plaintiffs' rights is so egregious that qualified immunity should not be considered." Doc. 80 at 4; *see Pierce*, 359 F.3d at 1298 ("The more obviously egregious the conduct in light of prevailing constitutional principles, the less specificity is required from prior case law to clearly establish the violation."). Plaintiffs criticize the magistrate judge's characterization of the violation as "relatively minor."[1] Doc. 80 at 4 (citing Doc. 79 at 16). Plaintiffs state that they are "at a loss to imagine" what could be "a more egregious violation of the Fourth Amendment than the blatant indifference by the government to" what they describe as "the security of the private home." *Id.* For the reasons discussed below, the Court disagrees.

Plaintiffs are correct that the egregiousness of an officer's conduct is a factor in determining

---

[1] Plaintiffs also state that the rights violation was "only minor because of the actions of the plaintiffs, not the defendants," meaning plaintiff Nidiffer remained calm during his interactions with the officers. Doc. 80 at 4. Plaintiffs argue that "the lack of property damage or lack of physical altercation should not validate a lack of justice." *Id.* The Court agrees that physical violence or property damage are not necessary to demonstrate egregiousness in the qualified immunity context. *E.g., Hinkle v. Beckham County Board of County Commissioners*, 962 F.3d 1204, 1239 (10th Cir. 2020) (body-cavity strip search); *Cortez v. McCauley*, 478 F.3d 1108, 1124 (10th Cir. 2007) (search of home without probable cause). Mr. Nidiffer's demeanor does not negate the absence of clearly established law on point.

how factually specific case law must be to clearly establish that such conduct is prohibited. *Pierce*, 359 F.3d at 1298. In theory, a "constitutional provision may be so clear and the conduct so bad that case law is not needed to establish that this conduct cannot be lawful." *Id.* (quoting *Vineyard v. Wilson*, 311 F.3d 1340, 1350 (11th Cir. 2002)). But the Supreme Court has "repeatedly told courts . . . not to define clearly established law at a high level of generality." *Mullenix v. Luna*, 577 U.S. 7, 12 (2015). The question of whether conduct violates clearly established law "must be undertaken in light of the specific context of the case, not as a broad general proposition." *Id.* (citations omitted). For a law to be clearly established, when examining precedent, it must be "beyond debate" to "every reasonable official" that the official's conduct violated a right. *Aldaba v. Pickens*, 844 F.3d 870, 874 (10th Cir. 2015).

Here, the defendants unlawfully climbed over the plaintiffs' fence and approached the front door to conduct a knock and talk – notably, they did not enter their home, nor did they even actually approach the front door, and when asked to leave, they did so. *See Carloss*, 818 F.3d 988, 992 (holding that officers have "an implied license to enter a home's curtilage to knock on the front door, seeking to speak with the home's occupants"). Rather, before the officers could reach the front door, Mr. Nidiffer asked the officers to leave, which they did. While the magistrate judge found, and this Court firmly believes, that defendants violated plaintiffs' rights by entering the curtilage of their home, the Court must look further than the "broad general proposition" that an officer may not enter a home's curtilage without probable cause. *See Mullenix*, 577 U.S. at 13. Case law has not clearly established when a physical structure such as the one in this case revokes the implied license to conduct a knock and talk. Indeed, there is a marked absence of case law on this issue. Therefore, it is not "beyond debate" that "every reasonable official would have known that" the plaintiffs' gate revoked the implied license to approach the front door. *See Aldaba*, 844

F.3d at 874. Because there is no clearly established law particularized to the facts of this case, the qualified immunity defense cannot be overcome here.

The Court recognizes the seeming disconnect between the magistrate judge's conclusion that defendants' conduct was unconstitutional and her conclusion that the very same conduct did not violate clearly established law.  Sadly, this is the conundrum created by the doctrine of qualified immunity.  This case exemplifies the necessity of reaching the constitutionality prong of the qualified immunity test in addition to the clearly established prong:  at the very least, after this order is entered, there will be at least one district court case that holds that jumping over a locked gate is unconstitutional.  At this point, however, the Court is constrained to grant defendants' request for qualified immunity, as the controlling case law and weight of authority do not clearly establish that a locked gate revokes the implied license to conduct a knock and talk. Accordingly, the Court overrules, as it must, plaintiffs' objections and adopts the magistrate judge's PFRD.

**IT IS THEREFORE ORDERED AS FOLLOWS:**

1. The magistrate judge's Proposed Findings and Recommended Disposition (Doc. 79) is ADOPTED;

2. The Court GRANTS the Defendants' Motion for Summary Judgment (Doc. 40);

3. The Court DENIES the Plaintiffs' Cross Motion for Summary Judgment (Doc. 45);

4. The Court DENIES the Plaintiffs' pending motions to amend punitive damages as moot (Docs. 29, 62);

5. A final order is entered concurrently with this order.

_____
MARTHA VÁZQUEZ
Senior United States District Judge